15CV 1067(JBA)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT** FILED

JOHN PELLEGRINO AND )
FARRAH PELLEGRINO PPA ) CIVIL NO. 2015 JUL 10 PM 3 47
)
V. ) U.S. DIST.
) REMOVED FROM THE CONNECTICUT SUPERIOR
) COURT FOR THE JUDICIAL DISTRICT OF NEW
MATTEL, INC., FISHER-PRICE, INC. ) HAVEN AT NEW HAVEN
AND TOYS "R" US, INC. )
)
)

**NOTICE OF REMOVAL**

TO:    Honorable Chief Judge and Judges of the United States District Court

Mattel, Inc., Fisher-Price, Inc. and Toys "R" Us, Inc. defendants in the above-captioned

action, hereby file this Notice of Removal of this action from the Superior Court of the Judicial

District of New Haven at New Haven to the United States District Court for the District of

Connecticut, pursuant to 28 U.S.C. §1441, and in support thereof aver as follows:

1.      The above-captioned action was commenced against Mattel, Inc., Fisher-Price,

Inc. and Toys "R" Us, Inc. on June 11, 2015, with a Return Date of July 21, 2015 in the Superior

Court of the Judicial District of New Haven at New Haven. *Plaintiffs' Complaint and Summons,*

*attached as Exhibit "A".*

2.      The Summons and Complaint were received by Mattel, Inc. on June 19, 2015 via

certified mail.  The Summons and Complaint were received by Toys "R" Us, Inc. on June 16,

2015 via personal service.  The Summons and Complaint were received by Fisher-Price, Inc. on

June 16, 2015 via service on the Secretary of the State of Connecticut.

3.      This Notice of Removal is filed within thirty (30) days of receipt of the Summons

and Complaint in this action by Mattel, Inc., Fisher-Price, Inc. and Toys "R" Us, Inc.

4.      No further proceedings have been had in the Superior Court of the Judicial District of New Haven at New Haven in connection with the above-captioned action.

5.      The above-captioned action is a civil action alleging the defendants violated The Connecticut Product Liability Act.

6.      Plaintiffs John Pellegrino and Farrah Pellegrino PPA allege that minor Farrah Pellegrino was exposed to mold during use of a Newborn Rock 'N Play Sleeper and as a result "suffered severe and permanent injuries" which has caused her parents to "incur expenses for medical treatment, medication, medical supplies and related items and may be obligated to incur additional expenses of a similar nature in the future…" *Plaintiffs' Complaint, attached as Exhibit "A", ¶¶ 9, 13 and 14.*

7.      Plaintiffs also claim that Farrah Pellegrino's "abilities to perform and enjoy her normal daily activities have been impaired and her quality of life in the future has been permanently damaged." *Exhibit "A", ¶ 15.*

8.      Plaintiffs have averred a cause of action against Toys "R" Us, Inc. under the Connecticut Unfair Trade Practices Act in an effort to recover punitive damages and attorneys' fees.  Plaintiffs have averred reckless, willful and wanton conduct against Fisher-Price, Inc. and Mattel, Inc. under the Connecticut Products Liability Act in an effort to recover punitive damages.

9.      Based on plaintiffs' claims, the amount in controversy in this matter exceeds seventy-five thousand dollars ($75,000.00), exclusive of interests and costs, cumulatively, and with respect to each plaintiff, and satisfies the threshold for federal diversity jurisdiction.  28 U.S.C. § 1332(a) and § 1441(a).

10.     As averred in plaintiffs' Summons and Complaint, the plaintiffs John Pellegrino and Farrah Pellegrino are citizens of the State of Connecticut.

11.     Defendant Mattel, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of California.

12.     Defendant Fisher-Price, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of New York.

13.     Defendant Toys "R" Us, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of New Jersey.  Plaintiffs' Complaint identifies Toys "R" Us, Inc. as a defendant while their Summons identified Toys "R" Us-Delaware, Inc. as a defendant.  Toys "R" Us-Delaware, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of New Jersey.

14.     None of the defendants are incorporated nor maintain principal places of business in the State of Connecticut.

15.     This Court has original jurisdiction of the above-entitled action, pursuant to 28 U.S. C. §1332, and the action may therefore be removed to this Court, pursuant to 28 U.S.C. §1441 (b).

16.     At the time of the filing of the plaintiffs' Complaint and at the time of this removal, there is complete diversity of citizenship between plaintiffs and all defendants pursuant to 28 U.S.C. § 1332(a)(1).

17.     Written notice of the filing of this Notice will be served on the adverse party as required by 28 U.S.C. §1446(d).

18.    A copy of this Notice will be filed with the Superior Court of the Judicial District of New Haven at New Haven at New Haven, as provided by 28 U.S.C. §1446(d).

19.    Pursuant to 28 U.S.C. §1446(a), all process, pleadings and orders are attached hereto as exhibits.

WHEREFORE, Mattel, Inc., Fisher-Price, Inc. and Toys "R" Us, Inc. pray for removal of the above-captioned action from the Superior Court of the Judicial District of New Haven at New Haven to the United States District Court of Connecticut.

MATTEL, INC., FISHER-PRICE, INC.
AND TOYS "R" US, INC.

By Their Attorney,

Timothy J. Duggan, Esquire (Bar No. ct17830)
Duggan & Gianacoplos, LLC
89 Access Road, Unit A
Norwood, MA 02062
T:  (781)762-0077
F:  (781)762-9299

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document was filed and served via first class mail, postage prepaid, on this _10th_ day of July, 2015 upon the following:

Gregory J. Sachs, Esquire
420 East Main Street
Building 2, Suite 4
Branford, Connecticut 06405
*Counsel for Plaintiffs,*
*John Pellegrino and Farrah Pellegrino*

# EXHIBIT A

# SUMMONS - CIVIL

JD-CV-1  Rev. 9-14
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

### STATE OF CONNECTICUT
## SUPERIOR COURT
www.jud.ct.gov

**See other side for Instructions**

☐ "X" If amount, legal Interest or property In demand, not Including interest and costs Is less than $2,500.

☒ "X" If amount, legal Interest or property In demand, not Including interest and costs Is $2,500 or more.

☐ "X" If claiming other relief In addition to or In lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 235 CHURCH STREET, NEW HAVEN, CT 06510 | ( 203 ) 503-6800 | JULY    21 , 2015<br>Month    Day   Year |

| ☒ Judicial District | G.A. | At *(Town in which writ is returnable)* (C G S §§ 51-346, 51-349) | Case type code *(See list on page 2)* |
|---|---|---|---|
| ☐ Housing Session | Number. | NEW HAVEN | Major:  T      Minor:  20 |

### For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| GREGORY J SACHS, 420 EAST MAIN ST., BLDG 2, STE 4, BRANFORD, CT 06405 | 405615 |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| ( 203 ) 483-1984 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes  ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)*<br>gsachs1898@yahoo.com |
|---|---|---|

| Number of Plaintiffs:  2 | Number of Defendants:  3 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name:  PELLEGRINO, FARRAH, A MINOR<br>Address: 53 GREEN HILL ROAD, MADISON, CT  06443 | P-01 |
| Additional Plaintiff | Name:  PELLEGRINO, JOHN AS PPA FOR MINOR PLAINTIFF<br>Address: 53 GREEN HILL ROAD, MADISON, CT  06443 | P-02 |
| First Defendant | Name:  MATTEL, INC, through its agent for service: TIFFANI ZACK MAGRI, ESQ.<br>Address: 333 CONTINENTAL BOULEVARD, EL SEGUNDO, CA  90245-5012 | D-01 |
| Additional Defendant | Name:  FISHER-PRICE, INC, through its agent for service: SECRETARY OF THE STATE, STATE OF CT,<br>Address: 30 TRINITY STREET, HARTFORD, CT 06106-0470 | D-02 |
| Additional Defendant | Name:  TOYS "R" US-DELAWARE, INC, through its agent for service:PRENTICE-HALL CORPORATION SYSTEM<br>Address: 50 WESTON STREET, HARTFORD, CT  06120-1537 | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at  www.jud.ct.gov  under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at  www.jud.ct.gov  under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly.  The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>GREGORY J SACHS | Date signed<br>6 / 11 / 15 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | | File Date |

A TRUE COPY ATTEST:

Joseph D. Nardini
State Marshal
An Indifferent Person

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|

| Name and address of person recognized to prosecute in the amount of $250 |
|---|
| PATRICIA MCKECHNIE, 420 EAST MAIN ST., BLDG 2, STE 4, BRANFORD, CT 06405 |

| Signed *(Official taking recognizance; "X" proper box)* | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Date<br>6 / 11 / 15 | Docket Number |
|---|---|---|---|

RETURN DATE: JULY 21, 2015      :      SUPERIOR COURT

JOHN PELLEGRINO and          :      JD OF NEW HAVEN
FARRAH PELLEGRINO PPA

V.                          :      AT NEW HAVEN

MATTEL, INC., FISHER-PRICE, INC. and
TOYS R US, INC.               :      JUNE 11, 2015

**FIRST COUNT:**    **AGAINST MATTEL, INC.**
                       **PURSUANT TO CGS §52-572m, et seq –**
                       **The Connecticut Product Liability Act**

1.     At all times mentioned herein, the plaintiff, John Pellegrino, appears in this action as parent and next friend of his unemancipated minor child, Farrah Pellegrino, hereinafter Farrah.

2.     At all times mentioned herein, the plaintiff, Farrah (the minor plaintiff), was born on June 29, 2012 and was a resident of the City of East Haven, County of New Haven, State of Connecticut.

3.     At all times mentioned herein, the defendant, Mattel, Inc. was a foreign corporation with its principal place of business located in El Segundo, California and was involved in the manufacture, construction, design, formula, assembly, testing, warnings, instructions, marketing, packaging, labeling, distribution and sale of a variety of child and infant care products, including but not limited to the Newborn Rock 'N Play Sleeper, that it placed into the United States stream of commerce with knowledge that they would be purchased by,

resold to and/or used by user(s) and consumer(s) in need of such products in the State of Connecticut.

4.      At all times mentioned herein, the defendant, Mattel, Inc., was a "product seller" in accordance with the definition of Connecticut General Statutes §52-572m.

5.      On or before June 2012, the defendant, Mattel, Inc., designed, developed, assembled, manufactured, distributed and sold a product called the Newborn Rock 'N Play Sleeper, a product to be used for babies up to 25 pounds and is composed of a soft plastic seat held by a metal rocking frame and covered with a removable fabric cover.

6.      On or about June 2012, the minor plaintiff's parents received the Newborn Rock 'N Play Sleeper as a gift for their expected baby.

7.      On or about July 1, 2012, the minor plaintiff's parents engaged in the use of the Newborn Rock 'N Play Sleeper for the comfort of the minor plaintiff.

8.      On or about November 27, 2012 and for sometime prior to, the minor plaintiff began having prolonged episodes of nasal congestion and wheezing which required extensive medical treatment including but not limited to hospitalization.

9.      From approximately November 27, 2012 through January 11, 2013, the minor plaintiff's parents continued in the use of the Newborn Rock 'N Play

Sleeper for the comfort of the minor plaintiff until they learned of the recall, described hereunder in Paragraph 11 and immediately discontinued its use.

10.     Sometime after the defendant Mattel, Inc.'s design, development, assembly, manufacturing, distribution and selling of the Newborn Rock 'N Play Sleeper, and after numerous consumer complaints, it became apparent that mold could, and was, developing between its removable seat cushion and plastic frame of the Newborn Rock 'N Play Sleeper.

11.     On or about January 8, 2013 the defendant, Mattel, Inc., joined in a voluntary recall of its Newborn Rock 'N Play Sleeper due to numerous consumer complaints and a determination by the United States Consumer Product Safety Commission that mold can develop between the removable seat cushion and the hard plastic frame of the sleeper.

12.     At all times mentioned herein, the Newborn Rock 'N Play Sleeper was in a dangerous and defective condition at the time it left the defendant Mattel, Inc.'s possession and control.

13.     As a result of the defective condition of the Newborn Rock 'N Play Sleeper and the continuing exposure to the mold that had developed in her sleeper, the minor plaintiff has suffered severe and permanent injuries in that she sustained:

a.     severe nasal congestion;

b.     chronic cough;

c.      asthma;

d.      respiratory syncytial virus (RSV);

e.      breathing difficulties;

f.      bronchitis;

g.      risk of long term effect from the exposure of the mold; and

h.      lack of sleep.

14.     As a further result of the carelessness, negligence and actions of the defendant, Mattel, Inc., the minor plaintiff's parents was obligated to incur expenses for medical treatment, medication, medical supplies and related items and may be obligated to incur additional expenses of a similar nature in the future, all to her parent's financial detriment.

15.     As a further result of the carelessness, negligence and actions of the defendant, Mattel, Inc., the minor plaintiff's abilities to perform and enjoy her normal daily activities have been impaired and her quality of life in the future has been permanently damaged.

16.     At the time the defendant, Mattel, Inc. was involved in the manufacture, construction, design, formula, assembly, testing, warnings, instructions, marketing, packaging, labeling, distribution and sale of the Newborn Rock 'N Play Sleeper, it was in an unreasonably dangerous and defective condition as follows:

a.      it was improperly or inadequately designed;

b.   it was improperly or inadequately manufactured;

c.   it was sold without proper or adequate warnings, labels or

instructions;

d.   it was improperly or inadequately tested;

e.   it was improperly or inadequately fabricated;

f.   it was designed, fabricated, manufactured, tested, distributed,

marketed and/or sold without adequate or proper precautions,

including, but not limited to, the proper care of the product.

17.   One or more of the defects described above was a substantial

contributing factor in causing the minor plaintiff's injuries and corresponding

damages.

**SECOND COUNT:**           **AGAINST MATTEL, INC.**
                          **PURSUANT TO CGS §52-572m, et seq –**
                          **The Connecticut Product Liability Act: Breach of**
                          **Express and Implied Warranties**

1.-17.  Paragraphs one through seventeen of the First Count are hereby

incorporated as paragraphs one through seventeen of the Second Count as if

fully set forth herein.

18.   At all times mentioned herein, the defendant Mattel, Inc. expressly

warranted that its Newborn Rock 'N Play Sleeper was safe for its intended use,

including but not limited to, the use for babies up to 25 pounds for play and

relaxation.

19.     On or about November 27, 2012, the defendant, Mattel, Inc., breached these express warranties.

20.     From approximately November 27, 2012 through January 8, 2013, the defendant, Mattel, Inc., continued to breach these express warranties.

21.     By breaching these express warranties, the defendant, Mattel, Inc., substantially contributed to causing the minor plaintiff's injuries and corresponding damages as described herein.

22.     On or about November 27, 2012, the defendant, Mattel, Inc., breached this impliedly warranty of merchantability.

23.     From approximately November 27, 2012 through January 8, 2013, the defendant, Mattel, Inc., continued to breach this implied warranty of merchantability.

24.     By breaching this implied warranty of merchantability, the defendant, Mattel, Inc., substantially contributed to causing the minor plaintiff's injuries and corresponding damages as described herein.

**THIRD COUNT:**                    **AGAINST MATTEL, INC.**
                                    **PURSUANT TO CGS §52-572m, et seq –**
                                    **The Connecticut Product Liability Act: Negligence**

1.-17.  Paragraphs one through seventeen of the First Count are hereby incorporated as paragraphs one through seventeen of the Third Count as if fully set forth herein.

18.    The injuries and damages suffered by the minor plaintiff were caused as a result of the carelessness and negligence of the defendant, Mattel, Inc., its agents, employees, executives, officers, consultants, administrators and directors, in that they:

a.    knew or should have known that the Newborn Rock 'N Play Sleeper was sold in a dangerous and defective condition for use by the minor plaintiff;

b.    failed to adequately test the Newborn Rock 'N Play Sleeper for performance for its intended use;

c.    failed to adequately inspect the Newborn Rock 'N Play Sleeper for performance for its intended use;

d.    failed to provide proper warnings concerning the safe and proper use of the Newborn Rock 'N Play Sleeper;

e.    designed, manufactured, assembled and/or fabricated the Newborn Rock 'N Play Sleeper in such a manner that it was subject to the development of dangerous mold.

f.    designed, manufactured, assembled and/or fabricated the Newborn Rock 'N Play Sleeper in such a manner that it inadequate for its intended use.

19.    The defendant, Mattel, Inc.'s negligence and carelessness as outlined above, was a substantial contributing factor in causing the minor plaintiff's injuries and corresponding damages as alleged herein.

**FOURTH COUNT:**         **AGAINST MATTEL, INC.**
                                     **PURSUANT TO CGS §52-572m, et seq –**
                                     **The Connecticut Product Liability Act:**
                                     **Recklessness**

1.-17.   Paragraphs one through seventeen of the First Count are hereby incorporated as paragraphs one through seventeen of the Fourth Count as if fully set forth herein.

18.   The injuries and damages suffered by the minor plaintiff were caused as a result of the reckless, willful and wanton conduct of the defendant Mattel, Inc. in that they knowingly and willfully disregarded the safety of the users and consumers of the Newborn Rock 'N Play Sleeper in that they:

a.   knew or should have known that the Newborn Rock 'N Play Sleeper was sold in a dangerous and defective condition for use by the minor plaintiff;

b.   failed to adequately test the Newborn Rock 'N Play Sleeper for performance for its intended use;

c.   failed to adequately inspect the Newborn Rock 'N Play Sleeper for performance for its intended use;

d.   failed to provide proper warnings concerning the safe and proper use of the Newborn Rock 'N Play Sleeper;

e.   designed, manufactured, assembled and/or fabricated the Newborn Rock 'N Play Sleeper in such a manner that it was subject to the development of dangerous mold.

f.      designed, manufactured, assembled and/or fabricated the Newborn Rock 'N Play Sleeper in such a manner that it inadequate for its intended use.

19.      The defendant, Mattel, Inc.'s, willful, wanton and reckless disregard for the safety of the users and consumers of the Newborn Rock 'N Play Sleeper was a substantial contributing factor in causing the minor plaintiff's injuries and corresponding damages as alleged herein.

**FIFTH COUNT:**      **AGAINST FISHER-PRICE, INC.**
**PURSUANT TO CGS §52-572m, et seq –**
**The Connecticut Product Liability Act**

1.      At all times mentioned herein, the plaintiff, John Pellegrino, appears in this action as parent and next friend of his unemancipated minor child, Farrah Pellegrino, hereinafter Farrah.

2.      At all times mentioned herein, the plaintiff, Farrah (the minor plaintiff), was born on June 29, 2012 and was a resident of the City of East Haven, County of New Haven, State of Connecticut.

3.      At all times mentioned herein, the defendant, Fisher-Price, Inc. was a corporation with its principal place of business located in El Segundo, California and was involved in the manufacture, construction, design, formula, assembly, testing, warnings, instructions, marketing, packaging, labeling, distribution and sale of a variety of child and infant care products, including but not limited to the Newborn Rock 'N Play Sleeper, that it placed into the United States stream of commerce with knowledge that they would be purchased by, resold to and/or

used by user(s) and consumer(s) in need of such products in the State of Connecticut.

4.    At all times mentioned herein, the defendant, Fisher-Price, Inc., was a "product seller" in accordance with the definition of Connecticut General Statutes §52-572m.

5.    On or before June 2012, the defendant, Fisher-Price, Inc., designed, developed, assembled, manufactured, distributed and sold a product called the Newborn Rock 'N Play Sleeper, a product to be used for babies up to 25 pounds and is composed of a soft plastic seat held by a metal rocking frame and covered with a removable fabric cover.

6.    On or about June 2012, the minor plaintiff's parents received the Newborn Rock 'N Play Sleeper as a gift for their expected baby.

7.    On or about July 1, 2012, the minor plaintiff's parents engaged in the use of the Newborn Rock 'N Play Sleeper for the comfort of the minor plaintiff.

8.    On or about November 27, 2012 and for sometime prior to, the minor plaintiff began having prolonger episodes of nasal congestion and wheezing which required extensive medical treatment including but not limited to hospitalization.

9.    From approximately November 27, 2012 through January 11, 2013, the minor plaintiff's parents continued in the use of the Newborn Rock 'N Play

Sleeper for the comfort of the minor plaintiff until they learned of the recall and immediately discontinued its use.

10.     Sometime after the defendant Fisher-Price, Inc.'s design, development, assembly, manufacturing, distribution and selling of the Newborn Rock 'N Play Sleeper, and after numerous consumer complaints, it became apparent that mold could, and was, developing between its removable seat cushion and plastic frame of the Newborn Rock 'N Play Sleeper.

11.     On or about January 8, 2013 the defendant, Fisher-Price, Inc., initiated a voluntary recall of its Newborn Rock 'N Play Sleeper due to numerous consumer complaints and a determination by the United States Consumer Product Safety Commission that mold can develop between the removable seat cushion and the hard plastic frame of the sleeper.

12.     At all times mentioned herein, the Newborn Rock 'N Play Sleeper was in a dangerous and defective condition at the time it left the defendant Fisher-Price, Inc.'s possession and control.

13.     As a result of the defective condition of the Newborn Rock 'N Play Sleeper and the continuing exposure to the mold that had developed in her sleeper, the minor plaintiff has suffered severe and permanent injuries in that she sustained:

        a.      severe nasal congestion;

        b.      chronic cough;

    c.     asthma;

    d.     respiratory syncytial virus (RSV);

    e.     breathing difficulties;

    f.     bronchitis;

    g.     risk of long term effect from the exposure of the mold; and

    h.     lack of sleep.

14.    As a further result of the carelessness, negligence and actions of the defendant, Fisher-Price, Inc., the minor plaintiff's parents was obligated to incur expenses for medical treatment, medication, medical supplies and related items and may be obligated to incur additional expenses of a similar nature in the future, all to her parent's financial detriment.

15.    As a further result of the carelessness, negligence and actions of the defendant, Fisher-Price, Inc., the minor plaintiff's abilities to perform and enjoy her normal daily activities have been impaired and her quality of life in the future has been permanently damaged.

16.    At the time the defendant, Fisher-Price, Inc. was involved in the manufacture, construction, design, formula, assembly, testing, warnings, instructions, marketing, packaging, labeling, distribution and sale of the Newborn Rock 'N Play Sleeper it was in an unreasonably dangerous and defective condition as follows:

    a.     it was improperly or inadequately designed;

b.     it was improperly or inadequately manufactured;

c.     it was sold without proper or adequate warnings, labels or
       instructions;

d.     it was improperly or inadequately tested;

e.     it was improperly or inadequately fabricated;

f.     it was designed, fabricated, manufactured, tested, distributed,
       marketed and/or sold without adequate or proper precautions,
       including, but not limited to, the proper care of the product.

17.     One or more of the defects described above was a substantial
contributing factor in causing the minor plaintiff's injuries and corresponding
damages.

**SIXTH COUNT:**          **AGAINST FISHER-PRICE, INC.**
                        **PURSUANT TO CGS §52-572m, et seq –**
                        **The Connecticut Product Liability Act: Breach of**
                        **Express and Implied Warranties**

1.-17.  Paragraphs one through seventeen of the Fifth Count are hereby
incorporated as paragraphs one through seventeen of the Sixth Count as if fully
set forth herein.

18.     At all times mentioned herein, the defendant Fisher-Price, Inc.
expressly warranted that its Newborn Rock 'N Play Sleeper was safe for its
intended use, including but not limited to, the use for babies up to 25 pounds for
play and relaxation.

19.   On or about November 27, 2012, the defendant, Fisher-Price, Inc., breached these express warranties.

20.   From approximately November 27, 2012 through January 8, 2013, the defendant, Fisher-Price, Inc., continued to breach these express warranties.

21.   By breaching these express warranties, the defendant, Fisher-Price, Inc., substantially contributed to causing the minor plaintiff's injuries and corresponding damages as described herein.

22.   On or about November 27, 2012, the defendant, Fisher-Price, Inc., breached this impliedly warranty of merchantability.

23.   From approximately November 27, 2012 through January 8, 2013, the defendant, Fisher-Price, Inc., continued to breach this implied warranty of merchantability.

24.   By breaching this implied warranty of merchantability, the defendant, Fisher-Price, Inc., substantially contributed to causing the minor plaintiff's injuries and corresponding damages as described herein.

**SEVENTH COUNT:**          **AGAINST MATTEL, INC.**
                           **PURSUANT TO CGS §52-572m, et seq –**
                           **The Connecticut Product Liability Act: Negligence**

1.-17.  Paragraphs one through seventeen of the First Count are hereby incorporated as paragraphs one through seventeen of the Seventh Count as if fully set forth herein.

18.     The injuries and damages suffered by the minor plaintiff were caused as a result of the carelessness and negligence of the defendant, Fisher-Price, Inc., its agents, employees, executives, officers, consultants, administrators and directors, in that they:

a.     knew or should have known that the Newborn Rock 'N Play Sleeper was sold in a dangerous and defective condition for use by the minor plaintiff;

b.     failed to adequately test the Newborn Rock 'N Play Sleeper for performance for its intended use;

c.     failed to adequately inspect the Newborn Rock 'N Play Sleeper for performance for its intended use;

d.     failed to provide proper warnings concerning the safe and proper use of the Newborn Rock 'N Play Sleeper;

e.     designed, manufactured, assembled and/or fabricated the Newborn Rock 'N Play Sleeper in such a manner that it was subject to the development of dangerous mold.

f.     designed, manufactured, assembled and/or fabricated the Newborn Rock 'N Play Sleeper in such a manner that it inadequate for its intended use.

19.     The defendant, Fisher-Price, Inc.'s negligence and carelessness as outlined above, was a substantial contributing factor in causing the minor plaintiff's injuries and corresponding damages as alleged herein.

**EIGHTH COUNT:**          **AGAINST FISHER-PRICE, INC.**
**PURSUANT TO CGS §52-572m, et seq –**
**The Connecticut Product Liability Act:**
**Recklessness**

1.-17.   Paragraphs one through seventeen of the Fifth Count are hereby
incorporated as paragraphs one through seventeen of the Eighth Count as if fully
set forth herein.

18.      The injuries and damages suffered by the minor plaintiff were
caused as a result of the reckless, willful and wanton conduct of the defendant
Fisher-Price, Inc. in that they knowingly and willfully disregarded the safety of the
users and consumers of the Newborn Rock 'N Play Sleeper in that they:

a.      knew or should have known that the Newborn Rock 'N Play Sleeper
was sold in a dangerous and defective condition for use by the minor plaintiff;

b.      failed to adequately test the Newborn Rock 'N Play Sleeper for
performance for its intended use;

c.      failed to adequately inspect the Newborn Rock 'N Play Sleeper for
performance for its intended use;

d.      failed to provide proper warnings concerning the safe and proper
use of the Newborn Rock 'N Play Sleeper;

e.      designed, manufactured, assembled and/or fabricated the Newborn
Rock 'N Play Sleeper in such a manner that it was subject to the development of
dangerous mold.

f.     designed, manufactured, assembled and/or fabricated the Newborn Rock 'N Play Sleeper in such a manner that it inadequate for its intended use.

19.    The defendant, Fisher-Price, Inc.'s, willful, wanton and reckless disregard for the safety of the users and consumers of the Newborn Rock 'N Play Sleeper was a substantial contributing factor in causing the minor plaintiff's injuries and corresponding damages as alleged herein.

**NINTH COUNT:**              **AGAINST TOYS R US, INC.**
                             **PURSUANT TO CGS §52-572m, et seq –**
                             **The Connecticut Product Liability Act: Negligence**

1.     At all times mentioned herein, the plaintiff, John Pellegrino, appears in this action as parent and next friend of his unemancipated minor child, Farrah Pellegrino, hereinafter Farrah.

2.     At all times mentioned herein, the plaintiff, Farrah (the minor plaintiff), was born on June 29, 2012 and was a resident of the City of East Haven, County of New Haven, State of Connecticut.

3.     At all times mentioned herein, the defendant, Toys R Us, Inc. was a corporation with its principal place of business in Wayne, New Jersey and involved in the purchase and retail sale of a variety of child and infant care products, including but not limited to the Newborn Rock 'N Play Sleeper, that it placed into the United States stream of commerce with knowledge that they would be purchased by, resold to and/or used by user(s) and consumer(s) in need of such products in the State of Connecticut.

4.     At all times mentioned herein, the defendant, Toys R Us, Inc., was a "product seller" in accordance with the definition of Connecticut General Statutes §52-572m.

5.     On or before May 2012, the defendant, Toys R Us, Inc.,  purchased and sold a product called the Newborn Rock 'N Play Sleeper, a product to be used for babies up to 25 pounds and is composed of a soft plastic seat held by a metal rocking frame and covered with a removable fabric cover.

6.     On or about May 2012, the minor plaintiff's parents received the Newborn Rock 'N Play Sleeper as a gift for their expected baby.

7.     On or about July 1, 2015, the minor plaintiff's parents engaged in the use of the Newborn Rock 'N Play Sleeper for the comfort of the minor plaintiff.

8.     On or about November 27, 2012 and for sometime prior to, the minor plaintiff began having prolonger episodes of nasal congestion and wheezing which required extensive medical treatment including but not limited to hospitalization.

9.     From approximately November 27, 2012 through January 11, 2013, the minor plaintiff's parents continued in the use of the Newborn Rock 'N Play Sleeper for the comfort of the minor plaintiff until they learned of the recall and immediately discontinued its use.

10.     Sometime after the defendant Toys R Us, Inc.'s distribution and selling of the Newborn Rock 'N Play Sleeper, and after numerous consumer complaints, it became apparent that mold could, and was, developing between its removable seat cushion and plastic frame of the Newborn Rock 'N Play Sleeper.

11.     On or about January 8, 2013 the defendant, Toys R Us, Inc., joined in a voluntary recall of its Newborn Rock 'N Play Sleeper due to numerous consumer complaints and a determination by the United States Consumer Product Safety Commission that mold can develop between the removable seat cushion and the hard plastic frame of the sleeper.

12.     At all times mentioned herein, the Newborn Rock 'N Play Sleeper was in a dangerous and defective condition at the time it left the defendant Toys R Us, Inc's possession and control.

13.     As a result of the defective condition of the Newborn Rock 'N Play Sleeper and the continuing exposure to the mold that had developed in her sleeper, the minor plaintiff has suffered severe and permanent injuries in that she sustained:

    a.      severe nasal congestion;

    b.      chronic cough;

    c.      asthma;

    d.      respiratory syncytial virus (RSV);

    e.      breathing difficulties;

f.      bronchitis;

g.      risk of long term effect from the exposure of the mold; and

h.      lack of sleep.

14.     As a further result of the carelessness, negligence and actions of the defendant, Toys R Us, Inc., the minor plaintiff's parents was obligated to incur expenses for medical treatment, medication, medical supplies and related items and may be obligated to incur additional expenses of a similar nature in the future, all to her parent's financial detriment.

15.     As a further result of the carelessness, negligence and actions of the defendant, Toys R Us, Inc., the minor plaintiff's abilities to perform and enjoy her normal daily activities have been impaired and her quality of life in the future has been permanently damaged.

16.     At the time the defendant, Toys R Us, Inc. was involved in the distribution and sale of the Newborn Rock 'N Play Sleeper it was in an unreasonably dangerous and defective condition as follows:

a.      it was improperly or inadequately designed;

b.      it was improperly or inadequately manufactured;

c.      it was sold without proper or adequate warnings, labels or instructions;

d.      it was improperly or inadequately tested;

e.      it was improperly or inadequately fabricated;

f.      it was designed, fabricated, manufactured, tested, distributed, marketed and/or sold without adequate or proper precautions, including, but not limited to, the proper care of the product.

17.     One or more of the defects described above was a substantial contributing factor in causing the minor plaintiff's injuries and corresponding damages.

18.     At all times mentioned herein, the defendant, Toys R Us, Inc., was a "product seller" in accordance with the definition of Connecticut General Statutes §52-572m.

19.     At all times mentioned herein, the defendant, Toys R Us, Inc., had a direct responsibility to its customers, including but not limited to the minor plaintiff and her parents, to provide safe, fully tested and inspected products for consumer use.

20.     The injuries and damages suffered by the minor plaintiff were caused as a result of the carelessness and negligence of the defendant, Toys R Us, Inc., its agents, employees, executives, officers, consultants, administrators and directors, in that they:

a.      knew or should have known that the Newborn Rock 'N Play Sleeper was sold in a dangerous and defective condition for use by the minor plaintiff and all other consumers;

b.      failed to establish an effective policy or procedure that would have alerted consumers that this product, the Newborn Rock 'N Play Sleeper, was in a dangerous and defective condition for use by the minor plaintiff and all other consumers;

c.      failed to establish an effective internal system that would distribute information and alert its employees, servants and/or agents to products such as the Newborn Rock 'N Play Sleeper was in a dangerous and defective condition for use by the minor plaintiff and all other consumers;

d.      improperly permitted its employees, servants and/or agents to promote and sell to the general public the Newborn Rock 'N Play Sleeper, in its dangerous and defective condition for use by the minor plaintiff and all other consumers;

e.      resold to the general public, including but not limited to the plaintiff, the product when it knew or should have known of its dangerous and defective condition;

21.     The defendant, Fisher-Price, Inc.'s negligence and carelessness as outlined above, was a substantial contributing factor in causing the minor plaintiff's injuries and corresponding damages as alleged herein.

<u>TENTH COUNT:</u>          AGAINST TOYS R US, INC. - CUTPA

1.-21.   Paragraphs one through twenty one of the Ninth Count are hereby incorporated as paragraphs one through twenty one of the Tenth Count as if fully set forth herein.

22.     At all times mentioned herein, the defendant Toys R Us, Inc.'s actions constitute a violation of the Connecticut Unfair Trade Practices Act, CGS Sections 42-110a, et seq., in that said actions were immoral, unethical and offensive to public policy and caused substantial injury to consumers, including but not limited to the plaintiff, and were done with careless and/or reckless indifference to the minor plaintiff's rights.  These actions on the part of the defendant, Toys R Us, are more fully described as follows:

a.      the defendant, Toys R Us, Inc., resold the Newborn Rock 'N Play Sleeper when it knew or should have known of its dangerous and defective condition;

b.      the defendant, Toys R Us, Inc., resold the Newborn Rock 'N Play Sleeper when it knew of should have known that it was potentially unfit for its intended use;

c.      the defendant, Toys R Us, Inc, failed to inspect, or adequately inspect, the Newborn Rock 'N Play Sleeper to determine whether is was fit for its intended use;

d.    the defendant, Toys R Us, Inc., failed to warn the minor plaintiff and/or her parents of its dangerous and defective condition and that it was potentially unfit for its intended use;

e.    the defendant, Toys R Us, Inc., inappropriately continued to profit from the sale of the Newborn Rock 'N Play Sleeper when they knew, or in the exercise of reasonable care should have known of its dangerous and defective condition and that it was potentially unfit for its intended use.

22.    The defendant, Toys R Us, Inc.'s, actions as described above were a substantial contributing factor in causing the minor plaintiff's injuries and corresponding damages as alleged herein.

THE PLAINTIFF

BY_____
Gregory J Sachs
420 East Main Street
Bldg 2, Ste 4
Branford, CT  06405
Tel:  203-483-1984
Fax:  203-483-1944
Juris No:  405615

RETURN DATE: JULY 21, 2015      :      SUPERIOR COURT

JOHN PELLEGRINO and      :      JD OF NEW HAVEN
FARRAH PELLEGRINO PPA

V.      :      AT NEW HAVEN

MATTEL, INC., FISHER-PRICE, INC. and
TOYS R US, INC.      :      JUNE 11, 2015

## STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest or property in demand is in excess of Fifteen

Thousand Dollars ($15,000.00) or more, exclusive of interest and costs.

THE PLAINTIFF

BY_____

Gregory J Sachs
420 East Main Street
Bldg 2, Ste 4
Branford, CT  06405
Tel:  203-483-1984
Fax:  203-483-1944
Juris No:  405615



A TRUE COPY
ATTEST:

Joseph D. Mardini
State Marshal
for Indifferent Person